# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-948V
UNPUBLISHED

| | |
|---|---|
| GAVIN BEAGLEY,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: October 11, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Brachial<br>Neuritis |

*David Charles Richards*, Christensen & Jensen, P.C., Salt Lake City, UT, for Petitioner.

*Bridget Corridon*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On June 28, 2019, Gavin Beagley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered brachial neuritis as a result of his July 1, 2017 tetanus-diphtheria-acellular pertussis ("Tdap") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 10, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for brachial neuritis. On October 3, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $130,000.00 in pain and suffering and past unreimbursable expenses in the amount of $6,584.75. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $136,584.75 (representing $130,000.00 in pain and suffering and past unreimbursable expenses of $6,584.75) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GAVIN BEAGLEY,                   ) | |
|                                  ) | |
| Petitioner,                      ) | |
|                                  ) | No. 19-948V |
| v.                               ) | Chief Special Master Corcoran |
|                                  ) | ECF |
| SECRETARY OF HEALTH AND HUMAN    ) | |
| SERVICES,                        ) | |
|                                  ) | |
| Respondent.                      ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 28, 2019, Gavin Beagley ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered brachial neuritis of the ride side following administration of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine he received on July 1, 2017. Petition at 1. On November 8, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act, and on November 10, 2021, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 42; ECF No. 43.

**I.      Items of Compensation**

      A.      <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $130,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $6,584.75. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.**    **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $136,584.75, in the form of a check payable to petitioner.

**III.**    **Summary of Recommended Payments Following Judgment**

    Lump sum payable to petitioner, Gavin Beagley:    **$136,584.75**

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Director
    Torts Branch, Civil Division

    HEATHER L. PEARLMAN
    Deputy Director
    Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

*/s/ Bridget A. Corridon*
BRIDGET A. CORRIDON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station Washington,
D.C. 20044-0146
Tel: (202) 305-4117
Fax: (202) 616-4310
Email: bridget.corridon@usdoj.gov

Date:  October 3, 2022

3