# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 19-948V
(not to be published)

| | |
|---|---|
| GAVIN BEAGLEY,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: May 30, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*David Charles Richards*, Christensen & Jensen, P.C., Salt Lake City, UT, for Petitioner.

*Bridget Corridon*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 28, 2019, Gavin Beagley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered brachial neuritis as a result of his July 1, 2017 tetanus-diphtheria-acellular pertussis vaccination. Petition at 1. On October 11, 2022, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 62.

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $73,085.21 (representing $71,590.10 in fees and $1,495.11 in costs). Petitioner's Request for Attorney's Fees ("Motion") filed Apr. 7, 2023, ECF No. 67. In

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 67-4.

On Apr. 20, 2023, Respondent reacted to the motion, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 68. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has requested the hourly rate of $375 for 2023 work performed by David Richards - representing a rate increase of $13. ECF No. 67-1 at 50. I find this hourly rate to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs. Attachment to Motion at 54-78. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$73,085.21 (representing $71,590.10 in fees and $1,495.11 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, David C. Richards.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.